# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSE WHITE, | CASE NO. 1:12-cv-00599-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |
| / Doc. 21 | |

**I. Procedural History, Screening Requirement, and Standard**

On April 10, 2012, Plaintiff Hortense White ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Lodged Compl., Doc. 1-1. On May 17, 2012, Plaintiff filed a first amended complaint. Doc. 21. In Plaintiff's original unsigned complaint and amended complaint, she seeks reversal of a conviction and earlier release from prison.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] The Court notes that on May 1, 2012, Plaintiff filed a petition for writ of habeas corpus, which is still pending. *See White v. State of California*, 1:12-cv-00684-LJO-MJS (HC).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell
8  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
9  unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While
10 factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

11       While prisoners proceeding pro se in civil rights actions are still entitled to have their
12 pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
13 now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must
14 demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.
15 Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
16 sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret
17 Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting
18 this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

19       Section 1983 provides a cause of action for the violation of constitutional or other federal
20 rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
21 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link
22 between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at
23 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
24 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
25 only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;
26 *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).
27 //
28 //

**II. Allegations in Plaintiff's Complaint**

Plaintiff's pleadings are largely unintelligible. From what the Court can decipher, in her original unsigned complaint[2] and her amended complaint, she names defendants "ESOIA," employed at Central California Women's Facility (CCWF); Jasmine Bulter-Bishop; Roy Butler; and Rhonda Bulter. Lodged Compl. at 1-2, Doc. 1-1; Am. Compl. at 1-3, Doc. 21.

In Plaintiff's original unsigned complaint, it appears that on July 6, 2010, Plaintiff was found guilty in Madera Superior Court of "attempted battery upon a non-confined person by inmate." *Id.* at 2-3. It appears that Plaintiff was found guilty of attempted battery on a correctional officer. *Id.* at 1. In Plaintiff's amended complaint, she states that she has been charged with a false conviction of attempted battery. Am. Compl. at 2. Plaintiff states "transfer of almost time to parole interrupted . . . this correction officer with a warrant." *Id.* at 3. For relief, Plaintiff asks the Court "to release; had eighty-five percent; dismissal was to be enhancement for three years of remaining year and nine months; and to leave this behind." *Id.* at 3.

**III. Legal Standard and Analysis for Plaintiff's Claims**

**A. *Heck* Bar**

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994), provides that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit. *See also Guerrero v. Gates*, 442 F.3d 697, 703–04 (9th Cir. 2006). California courts apply the same rule to claims under state law that collaterally attack a valid conviction. *See Lujano v. County of Santa Barbara*, 190 Cal. App. 4th 801, 806–08 (2010). *Webb v. City and County of San Francisco*, 2011 WL 6151605 (N.D. Cal. Dec. 12, 2011).

Since Plaintiff seeks to challenge the validity of a conviction, *Heck* bars all of Plaintiff's claims.

//

---

[2] The Court does not consider unsigned filings. Fed. R. Civ. P. 11(a). However, the Court will use Plaintiff's original unsigned complaint to add context to Plaintiff's amended complaint, since her pleadings are almost incomprehensible.

**B. Fourteenth Amendment Due Process Deprivation of Liberty**

The Due Process Clause protects a plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff appears to allege a deprivation of due process arising out of a conviction in Madera Superior Court, finding Plaintiff guilty of attempted battery upon a non-confined person by inmate.

Plaintiff's due process claims fails because Plaintiff appears to allege that the conviction extended her prison sentence. Am. Compl. at 3. State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Known as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Dotson*, 544 U.S. at 81. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

Plaintiff seeks to overturn the finding of guilt by Madera Superior Court. Therefore, Plaintiff is barred from litigating in this action any claim which, if successful, would invalidate the conviction. Within the purview of the favorable termination rule would be any due process challenge

1  to the issuance of the charges, as a finding in Plaintiff's favor would necessarily invalidate the
2  finding of guilt.
3      Accordingly, the Court finds that Plaintiff's challenge of the a conviction in Madera Superior
4  Court, finding Plaintiff guilty of attempted battery upon a non-confined person by inmate, fails to
5  state a cognizable § 1983 due process claim.

## V. Conclusion

7  Plaintiff's complaint fails to state any claims upon which relief may be granted. Unless it is
8  clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to
9  notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action.
10 *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, however, it does not
11 appear that amendment of the complaint would cure its deficiencies (absent the invalidation of the
12 conviction). Therefore, any further amendment would appear to be futile in light of the fact that
13 Plaintiff's claim is barred by *Heck* and *Dotson*. Where amendment would be futile, a complaint may
14 properly be dismissed without leave to amend. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091,
15 1099 (9th Cir. 2004). The Court believes that any amendment to the complaint would be futile, and
16 the complaint should be dismissed without leave to amend.

17     Accordingly, IT IS HEREBY ORDERED that:
18     1.   Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action is HEREBY DISMISSED,
19          based on Plaintiff's failure to state any claims upon which relief may be granted
20          under § 1983;
21     2.   All pending motions are MOOT for review; and
22     3.   The Clerk of the Court is directed to close the case.

24  IT IS SO ORDERED.

26  Dated:   May 22, 2012

                                           UNITED STATES MAGISTRATE JUDGE